IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : DATE FILED: _____ |
| | : |
| v. | : CRIMINAL NO.: 05-_____ |
| | : |
| MICHAEL L. KLUSARITZ | : VIOLATIONS: |
| | : 18 U.S.C. § 1341 (mail fraud - 1 count) |
| | : 18 U.S.C. § 1001 (making false |
| | : statements to EPA - 2 counts) |

**I N F O R M A T I O N**

**COUNT ONE**

THE UNITED STATES ATTORNEY CHARGES THAT:

1. From in or about October 2001, through in or about October 2003, at Lehigh County, in the Eastern District of Pennsylvania, defendant

**MICHAEL L. KLUSARITZ**,

devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, to customers of Boyko Petroleum Services, Inc., by creating and billing customers for false and fraudulent environmental documents in connection with underground storage tank (UST) closure reports.

**FEDERAL REGULATION OF UNDERGROUND STORAGE TANKS**

2. The Resource Conservation and Recovery Act of 1976 (RCRA) was enacted by Congress in order to establish a comprehensive regulatory program for the management of hazardous wastes. Due to widespread problems associated with contamination caused by leaking underground storage tanks (USTs), Congress enacted the Hazardous Solid Waste Amendments of 1984 (HSWA), which added federal regulation to USTs. 42 U.S.C.

§ 6991, et seq.

3.    Federal regulations under RCRA and HSWA specifically govern underground storage tanks (40 C.F.R. Part 280), and include specific requirements pertaining to USTs, covering installation, monitoring, record keeping, environmental testing and removal of USTs. Under 42 U.S.C. § 6991(c), authority to regulate USTs may be delegated to a state authority, and EPA has delegated this authority to the Pennsylvania Department of Environmental Protection (PADEP) to monitor and enforce compliance with environmental regulations relating to USTs.

4.    Substances regulated under the UST program include petroleum, 40 C.F.R. Part 280.12, and any hazardous substance defined in Section 101(14) and listed in 40 C.F.R. § 302.4 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Together, hazardous substances and petroleum account for the vast majority of materials stored in USTs. For example, nearly every gasoline service station stores its petroleum product in a UST, which comprise the majority of USTs registered nationwide.

5.    Federal regulations include reporting and record-keeping requirements for owners and operators of USTs. These requirements are found in the Code of Federal Regulations and attach to nearly every phase of operation of USTs, from the installation of a UST to its closure, including notification and certification regarding the installation of a UST, reports of all suspected or confirmed releases of hazardous substances or petroleum, and reports for closure of UST sites.

6.    Federal law requires that USTs undergo environmental testing to ensure that they are not leaking any product, that is, hazardous substances or petroleum, into the soil or groundwater. 42 U.S.C. § 6991b(c).

**DEFENDANT'S FRAUDULENT SCHEME**

At all times relevant to this Information:

7. Defendant MICHAEL L. KLUSARITZ was employed at Boyko Petroleum Services Inc. (Boyko), located at 4171 Chestnut Street, Whitehall Township, Pennsylvania.

8. Boyko was a certified underground storage tank installation/removal business with the U.S. Environmental Protection Agency (EPA) and, by delegated authority, with the Pennsylvania Department of Environmental Protection. When providing UST services for customers, Boyko was considered an "operator" of a UST, and was subject to all EPA regulations applicable to owners and operators of USTs.

9. An operator of a UST site must assess the site to determine if any soil or groundwater contamination exists, and must remediate any contamination.

10. While employed at Boyko, defendant MICHAEL L. KLUSARITZ was responsible for bidding jobs for underground storage tank removals and scheduling employees to perform underground storage tank removals. KLUSARITZ was further solely responsible at Boyko for the preparation of UST closure reports, including obtaining any necessary environmental testing at the UST site.

11. From in or about October 2001, through in or about October 2003, defendant MICHAEL L. KLUSARITZ engaged in a scheme to defraud the customers of Boyko in connection with UST closure reports by knowingly:

a) forging the signature of a certified UST installer/remover at Boyko, when in fact that installer/remover had no contact with the removal of the UST at those sites;

b) certifying that a UST was properly removed by a certified UST installer/remover at Boyko when in fact it was not; and

c) preparing false environmental test reports indicating that analytical testing had been performed at the UST site, when in fact no environmental testing was ever performed.

12. Defendant MICHAEL L. KLUSARITZ prepared numerous UST closure reports and accompanying documents, including environmental testing reports, which he knew to be false and fraudulent.

13. Defendant MICHAEL L. KLUSARITZ caused Boyko to prepare and send invoices to various customers of Boyko for payment in connection with the false and fraudulent environmental UST closure reports in an amount of approximately $110,126.06.

14. Defendant MICHAEL L. KLUSARITZ caused these false documents and bills for payment relating to UST closure reports to be sent to various customers of Boyko through the United States mail.

15. On or about December 27, 2002, at Whitehall Township, in the Eastern District of Pennsylvania and elsewhere, defendant

**MICHAEL L. KLUSARITZ,**

having devised and intending to devise the scheme to defraud described above, and to obtain money from N.W., a customer of Boyko Petroleum Services, Inc., prepared false and fraudulent environmental documents in connection with an underground storage tank closure report, and caused Boyko to bill N.W. for this report, and for the purpose of executing the scheme and attempting to do so, knowingly caused to be delivered by mail according to directions thereon, the following mail matter: an underground storage tank closure report, including environmental

analytical testing report, and bill in the amount of approximately $9,787.50 for services rendered from Boyko Petroleum Services, Inc., 4171 Chestnut Street, Whitehall, Pennsylvania to N.W. at 2711 Main Street, Bethlehem, Pennsylvania 18107, well knowing that the documents were false and fraudulent.

      All in violation of Title 18, United States Code, Section 1341.

## COUNTS TWO AND THREE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. The allegations contained in paragraphs 2 through 14 of Count One of this Information are realleged and incorporated here.

2. From in or about October 2001, through in or about October 2003, at Lehigh County, in the Eastern District of Pennsylvania, defendant

**MICHAEL L. KLUSARITZ**,

in a matter within the jurisdiction of the United States Environmental Protection Agency (EPA), an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in that defendant **MICHAEL L. KLUSARITZ** prepared false and fraudulent environmental documents in connection with underground storage tank (UST) closure reports for various customers of Boyko Petroleum Services, Inc., which were required to be filed with EPA and the Pennsylvania Department of Environmental Protection, and caused Boyko to submit these false, fictitious and fraudulent statements to Eric Supey, PADEP Water Quality Specialist Supervisor, Storage Tank Program,

located at Northeast Regional Office, 2 Public Square, Wilkes-Barre, Pennsylvania, as follows:

| Count | Date of False Statement | Description |
|---|---|---|
| 2 | 10/26/01 | False underground storage tank closure report for Boyko customer Banana Factory, located at 25 West Third Street, Bethlehem, PA. |
| 3 | 5/08/03 | False underground storage tank closure report for Boyko customer Borough of Slatington, located at 550 West Church Street, Slatington, PA. |

All in violation of Title 18, United States Code, Section 1001.

BY:

_____
PATRICK L. MEEHAN
United States Attorney